IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HUGH A. HAWKINS,              ) | |
| ) | |
| Plaintiff,     ) | |
| ) | 8:07CV368 |
| vs.                                    ) | |
| ) | ORDER |
| RANDY INSERRA, et al.,      ) | |
| ) | |
| Defendants.   ) | |

This matter is before the court on plaintiff's Motion to Compel Discovery (Doc. 101) from defendant, Gabriel Technologies Corporation. The movant has complied with the requirements of NECivR 7.0.1(i), and the defendant has not responded to the motion.

The record shows that the plaintiff served interrogatories and requests for production of documents on the defendants on March 12, 2009 and, to date, the defendant has not served any responses. The court finds that, by failing to timely respond to plaintiff's discovery requests, Gabriel Technologies Corporation has waived all objections to these discovery requests, *see* Fed. R. Civ. P. 33(b)(4) & 37(d)(2), and that plaintiff's motion should be granted.

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel or sanction is filed, sanctions must be awarded to the moving party absent a showing of good cause for the non-disclosure by the opposing party. A party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified, or that other circumstances make an award of expenses unjust. See *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Further, "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999) (citing *Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.*, 177 F.R.D. 633, 636 (N.D. Ill. 1998)).

Here, the defendant did not respond to the plaintiff's motion to compel and has not demonstrated that its failure to timely provide discovery was substantially justified or that other circumstances make an award of expenses unjust. The defendant is cautioned that failure to comply with this order and failure to respond to the plaintiff's outstanding discovery requests may have very serious consequences. Rule 37 of the Federal Rules of Civil Procedure provides an array of sanctions the court may impose for a party's failure to

obey a court's discovery order, including payment of costs and attorney's fees and/or the court striking their pleadings, placing them in default, and entering a default judgment against them.

**IT IS ORDERED** that plaintiff's Motion to Compel Discovery Responses (Doc. 101) is granted, as follows:

1.   Defendant, Gabriel Technologies Corporation, has waived all objections to plaintiff's Interrogatories and Requests for Production of Documents.

2.   Defendant, Gabriel Technologies Corporation, is given until the close of business on **June 30, 2009** to provide complete responses to all of the plaintiff's interrogatories and requests for production of documents. The responses must be signed and must, in all respects, comply with the requirements of Fed. R. Civ. P. 33 and 34.

3.   Defendant, Gabriel Technologies Corporation, is given until **June 30, 2009**, to file a Response to this order, showing cause why the plaintiff should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

4.   Paragraph 2 of the pending Joint Motion for Extension of Discovery Deadlines (Doc. 106) suggests that Gabriel Technologies Corporation may have procured counsel in California in conjunction with a corporate reorganization. **Plaintiff's counsel shall mail a copy of this order to Gabriel's California counsel.**

**DATED June 16, 2009.**

                                        **BY THE COURT:**

                                        s/ F.A. Gossett
                                        **United States Magistrate Judge**